William L. Wallander, SBT #20780750
Richard H. London, SBT #24032678
Beth Lloyd, SBT #24060179
**VINSON & ELKINS LLP**
Trammell Crow Center
2001 Ross Avenue, Suite 3700
Dallas, Texas 75201-2975
Tel:  214.220.7700
Fax: 214.220.7716
bwallander@velaw.com; rlondon@velaw.com
blloyd@velaw.com

**COUNSEL FOR THE DEBTORS**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: § § | | Case No. 09-31797-bjh-11 |
| **CRUSADER ENERGY GROUP INC.,** *et al.* § § § | | Chapter 11 |
| DEBTORS. § § | | (Jointly Administered) |

**MOTION TO (A) APPROVE BID PROCEDURES IN CONNECTION
WITH THE PROPOSED SALE OF CERTAIN OIL AND GAS LEASES
OF THE DEBTORS; (B) APPROVE THE FORM AND MANNER
OF NOTICE; AND (C) GRANT RELATED RELIEF**

**TO THE HONORABLE BARBARA J. HOUSER, CHIEF UNITED STATES BANKRUPTCY JUDGE:**

The above-referenced debtors and debtors in possession (collectively, the "Debtors")[1] file this *Motion to (A) Approve Bid Procedures in Connection with the Proposed Sale of Certain Oil and Gas Leases of the Debtors; (B) Approve the Form and Manner of Notice; and (C) Grant Related Relief* (the "Motion"),[2] and in support thereof, the Debtors respectfully state as follows:

---

[1] The Debtors are Crusader Energy Group Inc., Crusader Energy Group, LLC, Hawk Energy Fund I, LLC, Knight Energy Group, LLC, Knight Energy Group II, LLC, Knight Energy Management, LLC, RCH Upland Acquisition, LLC and Crusader Management Corporation.

[2] Capitalized terms not defined herein shall have the meaning given to them in the Bid Procedures.

## JURISDICTION AND PROCEDURAL BACKGROUND

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157. This Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. On March 30, 2009 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), thereby commencing the above-captioned bankruptcy cases (the "Cases"). These Cases have been consolidated for procedural joint administration only pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure.

4. Since the Petition Date, the Debtors have continued to operate and manage their businesses as debtors in possession pursuant to Bankruptcy Code §§ 1107(a) and 1108.

5. On April 14, 2009, the United States Trustee appointed the Official Committee of Unsecured Creditors (the "Committee").

## STATEMENT OF FACTS

### Case Background

6. Crusader Energy Group Inc. ("Crusader") and its seven direct subsidiaries (each of which is a Debtor) operate in the oil and gas industry. The Debtors' core operations consist of exploration for, and acquisition, production, and sale of, crude oil and natural gas. The Debtors hold leases covering approximately 1,000,000 gross acres (440,000 net acres) of oil and gas property (including approximately 12,800 drilling locations), operate approximately 350 wells, and hold working interests in approximately 670 wells. Their assets are located in various portions of Texas, Oklahoma, Colorado, Kansas, Louisiana, Mississippi, Montana, and North Dakota, specifically including the Anadarko Basin, Ft. Worth Basin, Permian Basin, and

Williston Basin. The Debtors focus on the development of unconventional resource opportunities, such as the application of horizontal drilling and completion technology.[3] This focus has contributed to the Debtors' over 90% success rate with respect to their calendar year 2008 drilling program. The Debtors are lessees under oil and gas leases and are parties to certain operating agreements, farmout agreements, joint venture agreements, gas marketing agreements, gas transportation agreements, and other agreements.

### The July 15, 2008 Purchase and Sale Agreement and Related Operating Agreement with Gunn Oil Company, Cogent Exploration, Ltd. Co., and Apollo Exploration, LLC

7. In July 2008, Crusader, as buyer, and Gunn Oil Company, Cogent Exploration, Ltd. Co., and Apollo Exploration, LLC, as sellers (collectively, the "Gunn Oil Group"), entered into that certain Purchase and Sale Agreement dated as of July 15, 2008 (the "July 2008 Agreement") pursuant to which Crusader acquired a 75% working interest in various oil and gas leases located in Oldham, Potter, Hartley, and Moore Counties, Texas and covering approximately 130,619 net acres (collectively and as more fully defined in the July 2008 Agreement, the "Properties").

8. In connection with the July 2008 Agreement and as consideration for the Properties, Crusader (i) paid the Gunn Oil Group $12 million on or about August 12, 2008 and (ii) agreed to pay an additional $10 million in August 2011, subject to certain credits, adjustments and other conditions as set forth in the July 2008 Agreement (the "Deferred Payment"). To date, Crusader owes the Gunn Oil Group approximately $9.7 million in connection with the Deferred Payment. The Gunn Oil Group asserts that the Deferred Payment is secured by an equitable vendors' lien under Texas law on the Properties (the "Vendors' Lien").

---

[3] Horizontal drilling and completion technology is an efficient means to develop shale and tight sand reservoirs.

**MOTION TO (A) APPROVE BID PROCEDURES IN CONNECTION
WITH THE PROPOSED SALE OF CERTAIN OIL AND GAS LEASES
OF THE DEBTORS; (B) APPROVE THE FORM AND MANNER
OF NOTICE; AND (C) GRANT RELATED RELIEF**

9. On or about August 12, 2008, and in connection with the July 2008 Agreement, Crusader and the Gunn Oil Group also entered into that certain Operating Agreement dated August 12, 2008 (the "Operating Agreement"), pursuant to which Crusader agreed to act as operator of the Properties. To date, the Operating Agreement remains in full force and effect.

**The Proposed Transaction**

10. Beginning in March of 2009 and through their investment bankers, Jefferies & Company, Inc. ("Jefferies"), the Debtors have extensively explored various sale and reorganization alternatives, including the sale of assets or properties of the Debtors (including the Properties) and the issuance of equity of the Debtors. Jefferies contacted approximately 121 parties who it thought might be interested in engaging in a transaction with the Debtors. Among the parties contacted by Jefferies were other oil and gas companies, hedge funds, private equity funds and other investors. Fifty-three parties signed confidentiality agreements in order to obtain access to the diligence materials assembled by the Debtors. Jefferies continued discussions with prospective buyers through September of 2009. At the conclusion of such marketing process, the Debtors, in consultation with Jefferies, determined that the Proposed Transaction (as defined below) was the highest and best offer received for the Properties.

11. Accordingly, contemporaneously herewith, the Debtors have filed a *Motion for Order Authorizing (A) the Sale of Certain Oil and Gas Leases of the Debtors Free and Clear of Claims, Encumbrances, Liens, and Interests; (B) the Assumption and Assignment of Executory Contracts and Unexpired Leases, if Necessary; and (C) Granting Related Relief* (the "Sale Motion") pursuant to which the Debtors propose, subject to higher and better offers, to sell the Properties to Gunn Oil Group (in their capacity as buyers, collectively, the "Potential Buyer"). In consideration for the sale of the Properties to the Potential Buyer (the "Proposed

Transaction"), the Potential Buyer has agreed to (i) pay Crusader $400,000 in cash, (ii) terminate the July 2008 Agreement and Operating Agreement (collectively, the "Assumed Agreements"), and (iii) enter into mutual releases with the Debtors (including a full release of the Deferred Payment).[4] The Proposed Transaction will be subject to receipt of higher or better offers by the Debtors pursuant to the proposed auction process.

## RELIEF REQUESTED

### Introduction

12. Pursuant to Bankruptcy Code §§ 105 and 363 and Rules 2002, 6004, and 9007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Debtors request that the Court (a) approve the Proposed Transaction as the "stalking horse" bid in connection with the proposed sale of the Properties, (b) approve the bid procedures which are attached hereto as **Exhibit "A"** (the "Bid Procedures"), (c) schedule a hearing to consider approval of the Sale Motion (the "Sale Hearing"), (d) approve the form and manner of notice of the Bid Procedures and the respective dates, times and places for an auction, if required under the Bid Procedures, and the Sale Hearing (the "Bid Procedures Notice"), substantially in the form attached hereto as **Exhibit "B"**, and (e) grant such other relief as is fair and equitable.

### Approval of the Proposed Transaction as the "Stalking Horse" Bid

13. The Debtors are requesting that this Court approve the Proposed Transaction as the "stalking horse" bid pursuant to the Bid Procedures under which the Potential Buyer would purchase the Properties, pay Crusader $400,000 in cash, terminate the July 2008 Agreement and the Operating Agreement, and enter into mutual releases with the Debtors (including a full

---

[4] A copy of the acquisition agreement to be entered into in connection with the Proposed Transaction, which must be reasonably acceptable in form and substance to the Debtors and the Potential Purchaser, will be filed with the Court prior to the Sale Hearing.

**MOTION TO (A) APPROVE BID PROCEDURES IN CONNECTION**
**WITH THE PROPOSED SALE OF CERTAIN OIL AND GAS LEASES**
**OF THE DEBTORS; (B) APPROVE THE FORM AND MANNER**
**OF NOTICE; AND (C) GRANT RELATED RELIEF**
US 86249v.4                                                                                                    Page 5 of 14

release of the Deferred Payment). The Proposed Transaction will be subject to higher or better offers pursuant to the terms of the Bid Procedures.

14. The pertinent terms of the Proposed Transaction are provided in the table below for summary and notice purposes only.

| **Selling Debtor** | Crusader Energy Corporation |
|---|---|
| **Proposed Purchasers** | Gunn Oil Company, Cogent Exploration, Ltd. Co., and Apollo Exploration, LLC |
| **Cash Consideration**: | $400,000 |
| **Termination of the 2008 Purchase Agreement and the Operating Agreement** | Upon consummation of the Proposed Transaction, the 2008 Purchase Agreement and Operating Agreement shall be terminated. |
| **Mutual Releases** | The Potential Buyers and the Debtors will mutually release each other of any and all claims and causes of action, including the Debtors' obligation for the Deferred Payment of approximately $9.7 million. |

15. To enable the Debtors to take the steps contemplated under the Bid Procedures, the Debtors request approval of the Proposed Transaction as the "stalking horse" bid pursuant to the Bid Procedures.

## Bid Procedures

16. Pursuant to Bankruptcy Rule 6004(f)(1), sales of property outside the ordinary course of business may be by private sale or auction. Good cause exists to expose the Properties to auction. An auction conducted substantially in accordance with the Bid Procedures (the "Auction") will enable the Debtors to obtain the highest or best offer(s) for the Properties, thereby maximizing the value of their estates.

17. Pursuant to the Bid Procedures, any additional Bids must include cash consideration of at least $525,000, provide for the assumption of the Assumed Agreements and the Debtors' obligations thereunder including, but not limited to, the Deferred Payment (such obligations, collectively, the "Assumed Liabilities"), and provide that the transfer of the Properties will be subject to the Vendors' Lien to the extent such Vendors' Lien is validly existing and enforceable under Texas law. Consequently, any proposed assignee of the Assumed Agreements must provide adequate assurance of future performance in connection with the Assumed Agreements, including the financial ability to make the Deferred Payment on a timely basis.[5] Neither the Proposed Purchaser nor any other parties submitting a Bid in connection with the Bid Procedures will be entitled to any expense reimbursement, break-up fee, "topping," termination or similar fee or payment. These Bid Procedures provide an appropriate framework for obtaining offers for the Properties and will enable the Debtors to review, analyze and compare all bids received to determine which bid is in the best interests of the Debtors' estate and creditors. Therefore, the Debtors respectfully request that this Court approve the Bid Procedures.

**Bid Procedures Notice**

18. Bankruptcy Rule 2002(a) provides, in relevant part, that all creditors must be given at least 20 days' notice by mail of a proposed use, sale or lease of property of the estate other than in the ordinary course of business. Further, Bankruptcy Rule 2002(c) sets forth that the content of such notices must include the time and place of any sale, the terms and conditions of such sale, and the time fixed for filing objections.

---

[5] The Potential Purchasers, as counterparties to the Assumed Agreements, shall have the right to object to any Successful Bidder's ability to provide adequate assurance of future performance of the Assumed Agreements.

19. In accordance with Bankruptcy Rule 2002, the Debtors are required to notify their creditors of the Proposed Transaction, including a disclosure of the time and place of the Auction and Sale Hearing, the terms and conditions of the Proposed Transaction, and the deadline for filing any objections to the Proposed Transaction or other Successful Bid (as applicable).

20. The Bid Procedures Notice (a) contains the type of information required under Bankruptcy Rule 2002 that is currently known to the Debtors, (b) includes information concerning the Bid Procedures and the bidding protections, and (c) is reasonably calculated to provide due, adequate and timely notice to all interested parties of (i) the Auction and Sale Hearing, (ii) the Bid Procedures, and (iii) the deadline to object to the approval of the Proposed Transaction or other Successful Bid (as applicable), including the assumption and assignment of the Assumed Agreements. Accordingly, the Debtors request that this Court approve the form and content of the Bid Procedures Notice.

21. Within three (3) business days after the Court enters an Order approving this Motion, the Debtors shall serve the Bid Procedures Notice by (a) first class United States mail, postage prepaid, on (i) the parties identified on the Master Service List maintained in these Cases (who do not receive electronic notice) at the addresses set forth therein, (ii) the parties identified on the Creditor Matrix filed in these Cases at the addresses set forth therein, (iii) the parties that have filed proofs of claim in these Cases at the addresses set forth in the respective proofs of claim, and (iv) the counterparties to the Assumed Agreements; and (b) the Court's electronic filing system on those parties receiving electronic notice by such system. Service of such Bid Procedures Notice is proper, due, timely, good, and sufficient notice of, among other things, the entry of the order approving this Motion, the Bid Procedures, the Auction (if required under the

Bid Procedures), the Sale Hearing, the Proposed Transaction, and the procedure for objecting thereto.

## Objections

22. The Debtors request that the following procedures be implemented with respect to the relief requested herein and in the Sale Motion:

    a. Objections, if any, to approval of the Proposed Transaction or another Successful Bid (as applicable) and/or the proposed assumption and assignment of the Assumed Agreements, including but not limited to objections relating to any Cure Amounts (as defined in the Sale Motion) and/or adequate assurances of future performance, must (a) be in writing, (b) state with specificity the nature of such objection, (c) if concerning a Cure Amount, set forth a specific default in the Assumed Agreement and claim a specific monetary amount that differs from the Cure Amount (if any) specified by the Debtors in the Sale Motion (with appropriate documentation in support thereof), (d) comply with the Federal Rules of Bankruptcy Procedure, and (e) be filed with this Court and served upon the following parties in accordance with the Bid Procedures Notice on or before the deadline subsequently set by the Court (the "Objection Deadline")[6]: (a) counsel for the Debtors at Vinson & Elkins LLP, Attn: William L. Wallander, Trammell Crow Center, 2001 Ross Avenue, Suite 3700, Dallas, Texas 75201, (fax) 214.999.7905, bwallander@velaw.com; (b) counsel for the Potential Buyer at Forshey & Prostok, L.L.P., Attn: J. Robert Forshey, 777 Main Street, Suite 1290, Fort Worth, Texas 76102, (fax) 817.877.4151; bforshey@forsheyprostok.com; (c) counsel for the Debtors' first lien lenders at Bracewell & Giuliani LLP, Attn: Samuel M. Stricklin, 1445 Ross Avenue, Suite 3800, Dallas,

---

[6] In the event the Potential Buyer is not the Successful Bidder, the Objection Deadline applicable to the Potential Buyer with respect to any objections to the assumption and assignment of the Purchase Contracts shall be extended until three (3) days prior to the Sale Hearing.

**MOTION TO (A) APPROVE BID PROCEDURES IN CONNECTION**
**WITH THE PROPOSED SALE OF CERTAIN OIL AND GAS LEASES**
**OF THE DEBTORS; (B) APPROVE THE FORM AND MANNER**
**OF NOTICE; AND (C) GRANT RELATED RELIEF**

Texas 75202, sam.stricklin@bgllp.com, (fax) 214.758.8395; (d) counsel for the Debtors' second lien lenders at Thompson & Knight LLP, Attn: David M. Bennett, 1700 Pacific Avenue, Suite 3300, Dallas, Texas, 75202; david.bennett@tklaw.com, (fax) 214.969.1799; (e) counsel for the Committee at Gardere Wynne Sewell LLP, Attn: Richard M. Roberson, 1601 Elm Street, Suite 3000, Dallas, Texas 75201, rroberson@gardere.com, (fax) 214.999.3955; and (f) the United States Trustee's Office at Office of the United States Trustee, Attn: George McElreath, 1100 Commerce Street, Room 9-C-60, Dallas, Texas 75242, George.F.McElreath@usdoj.gov, (fax) 214.767.6530 (collectively, the "Notice Parties").

      b.      Any party failing to timely file an objection to the Proposed Transaction or another Successful Bid (as applicable) shall be forever barred from objecting to the Proposed Transaction or other Successful Bid (as applicable) or the consummation thereof, including the vesting or transferring of the Properties free and clear of all liens, claims rights, and encumbrances (other than the Vendors' Lien to the extent validly existing and enforceable under Texas law, the Assumed Liabilities, and as otherwise set forth in the applicable acquisition agreement), and will be deemed to consent to the Proposed Transaction or other Successful Bid (as applicable), including the vesting or transferring of the Properties free and clear of all liens, claims, rights, and encumbrances (other than the Vendors' Lien to the extent validly existing and enforceable under Texas law, the Assumed Liabilities, and as otherwise set forth in the applicable acquisition agreement).

      c.      Any party failing to timely file an objection to the Cure Amounts set forth in the Sale Motion or the proposed assumption and assignment of the Assumed Agreements (including objections as to adequate assurance of future performance) shall be forever barred from objecting to the Cure Amounts and from asserting cure or other amounts against the

Debtors, their estates, and the Successful Bidder with respect to its Assumed Agreement arising prior to assumption and assignment of the Assumed Agreement and will be deemed to consent to the proposed assumption and assignment of its Assumed Agreement.

        d.      Where a counterparty to an Assumed Agreement files a timely objection asserting a higher cure amount than the Cure Amount set forth in the Sale Motion and the parties are unable to consensually resolve the dispute prior to the Sale Hearing, the amount to be paid under Bankruptcy Code § 365 with respect to such objection will be determined at the Sale Hearing or such other date and time as may be fixed by this Court. All other objections to the proposed assumption and assignment of the Assumed Agreements will be heard at the Sale Hearing.

        e.      If any party asserts that any of the Properties, including an Assumed Agreement, cannot be transferred, sold, vested, assumed, and/or assigned on account of one or more alleged approval rights, consent rights, preferential purchase rights, rights of purchase, rights of first refusal, rights of first offer, or similar rights, then such party shall file and serve a notice (a "<u>Rights Notice</u>") in accordance with the Bid Procedures Notice, so that the Rights Notice is actually received by the Notice Parties by the Objection Deadline. Each Rights Notice shall identify the property that is subject to such alleged right, identify the type of right(s) claimed by such party, identify the agreement, document, or statute giving rise to such right, and identify the portion of the agreement, document, or statute giving rise to such right.

        f.      Any party failing to timely file and serve a Rights Notice shall be (a) forever barred from objecting to the transfer, sale, vesting, assumption, and/or assignment of the Properties, including the Assumed Agreements, and from asserting any alleged approval rights, consent rights, preferential purchase rights, rights of purchase, rights of first refusal, rights of

first offer, or similar rights with respect to the Debtors' transfer, sale, vesting, assumption, and/or assignment of the Properties, including the Assumed Agreements; and (b) deemed to consent to and approve of the transfer, sale, vesting, assumption, and/or assignment of the Properties, including the Assumed Agreements, by the Debtors.

23. The Bid Procedures Notice to be provided and the method of service proposed herein constitute good, proper and adequate notice of the Proposed Transaction or other Successful Bid (as applicable) and the proceedings to be had with respect thereto (including, but not limited to, the Auction and the Sale Hearing). Therefore, the Debtors respectfully request that this Court approve the foregoing notice procedures.

## No Prior Request

24. No prior request for the relief sought herein has been requested from this Court or any other court.

## PRAYER

The Debtors respectfully request that this Court (a) approve the Proposed Transaction as the "stalking horse" bid in connection with the proposed sale of the Properties, (b) approve the Bid Procedures, (c) schedule the Sale Hearing, (d) approve the Bid Procedures Notice, and (e) grant such other relief as is fair and equitable.

Dated: September 25, 2009

                                            Respectfully submitted,

                                            */s/ William L. Wallander*
                                            William L. Wallander, SBT #20780750
                                            Richard H. London, SBT #24032678
                                            Beth Lloyd, SBT #24060179
                                            **VINSON & ELKINS LLP**
                                            Trammell Crow Center
                                            2001 Ross Avenue, Suite 3700
                                            Dallas, Texas 75201-2975
                                            Tel: 214.220.7700
                                            Fax: 214.220.7716
                                            bwallander@velaw.com; rlondon@velaw.com;
                                            blloyd@velaw.com

                                            **COUNSEL FOR THE DEBTORS**

**MOTION TO (A) APPROVE BID PROCEDURES IN CONNECTION
WITH THE PROPOSED SALE OF CERTAIN OIL AND GAS LEASES
OF THE DEBTORS; (B) APPROVE THE FORM AND MANNER
OF NOTICE; AND (C) GRANT RELATED RELIEF**

**CERTIFICATE OF SERVICE**

      I certify that, on September 25, 2009, a copy of the foregoing document was served by the Electronic Case Filing system for the United States Bankruptcy Court for the Northern District of Texas.

                                                */s/William L. Wallander*
                                                          One of Counsel