# BID PROCEDURES

On September 25, 2009, Crusader Energy Group Inc. ("Crusader"), Crusader Energy Group, LLC, Hawk Energy Fund I, LLC, Knight Energy Group, LLC, Knight Energy Group II, LLC, Knight Energy Management, LLC, RCH Upland Acquisition, LLC and Crusader Management Corporation (collectively, the "Debtors") filed their *Motion for an Order Authorizing (A) the Sale of Certain Oil and Gas Leases of the Debtors Free and Clear of Claims, Encumbrances, Liens, and Interests; (B) the Assumption and Assignment of Executory Contracts and Unexpired Leases, If Necessary; and (C) Granting Related Relief* (the "Sale Motion") [Docket No. ___]. Pursuant to the Sale Motion, but subject to higher or better offers, the Debtors propose to sell certain oil and gas leases of Crusader (collectively, the "Properties") to Gunn Oil Company, Cogent Exploration, Ltd. Co., and Apollo Exploration, LLC (collectively, the "Potential Buyer"). In consideration for the sale of the Properties to the Potential Buyer (the "Proposed Transaction"), the Potential Buyer has agreed to (i) pay Crusader $400,000 in cash, (ii) terminate that certain Purchase and Sale Agreement dated as of July 15, 2008 and that certain Operating Agreement dated as of August 12, 2008 each by and among Crusader and the Potential Buyer (collectively, the "Assumed Agreements"), and (iii) enter into mutual releases with the Debtors (including a full release of the Deferred Payment (as defined in the Sale Motion)). The Proposed Transaction is subject to higher or better offers as more particularly set forth in these Bid Procedures. These Bid Procedures have been approved and authorized pursuant to the *Order (A) Approving Bid Procedures in Connection with the Proposed Sale of Certain Oil and Gas Leases of the Debtors; (B) Approving the Form and Manner of Notice; and (C) Granting Related Relief* (the "Bid Procedures Order") [Docket No. ___] entered by the United States Bankruptcy Court for the Northern District of Texas, Dallas Division, on October __, 2009.

## Assets to be Sold

The Properties[1] consist of Crusader's 75% working interest in certain oil and gas leases located in Oldham, Potter, Hartley, and Moore Counties, Texas, covering approximately 130,619 net acres. The Properties shall be sold free and clear of all liens, claims, rights, interests and encumbrances (except as otherwise set forth in the applicable acquisition agreement and, in the event the Potential Buyer is not the Successful Bidder, the Assumed Liabilities (as defined below), and Vendors' Lien (as defined in the Sale Motion) to the extent such Vendors' Lien is validly existing and enforceable under Texas law). The Debtors shall consider at the Auction (as defined below) bids for the Properties in a single bid from a single bidder (or from two or more persons acting jointly with the consent of the Debtors and without improper collusion under Bankruptcy Code § 363). The terms of the Proposed Transaction are more fully set forth in the Sale Motion.

---

[1] The Properties consist of Crusader's entire interest (a 75% working interest) in the oil and gas leases acquired by Crusader pursuant to that certain Purchase and Sale Agreement dated as of July 15, 2008 by and among Crusader and the Potential Buyer and as more fully set forth in **Exhibit "A"** attached hereto.

**The Bidding Process**

Of the parties willing to submit a bid for the Properties (each, a "Potential Bidder") consisting of cash and the assumption of the Assumed Agreements and all obligations thereunder (collectively, and including the Deferred Payment, the "Assumed Liabilities"), the Debtors shall select the parties who possess the necessary qualifications to bid as set forth herein. The Debtors and their Representatives[2] shall be permitted to furnish to each such Potential Bidder and its Representatives, in connection with its consideration of making an offer or proposal relating to the Properties (each, a "Bid"), public and non-public information relating to the Properties, the Assumed Agreements, and the Assumed Liabilities pursuant to a confidentiality agreement with such Potential Bidder (the "Confidentiality Agreement") containing such terms acceptable to the Debtors in their sole and absolute discretion. Each Confidentiality Agreement entered into after the date of the entry of the Bid Procedures Order shall recognize that the Debtors are obligated to comply with the terms of these Bid Procedures. Each confidentiality agreement previously entered into between the Debtors and a Potential Bidder in effect on the date of the entry of the Bid Procedures Order shall be deemed to be a Confidentiality Agreement. By participating in the Bidding Process (as defined below), each Potential Bidder shall be deemed to have agreed to any and all modifications to any previously executed confidentiality agreement as necessary to permit the Debtors to comply with the terms of these Bid Procedures.

The Debtors shall provide these Bid Procedures, together with a copy of the proposed form of purchase agreement (the "Purchase Agreement"), to each Potential Bidder after the Court's entry of the Bid Procedures Order. The Debtors shall provide notice of the Auction and hearing to consider approval of the Sale Motion (the "Sale Hearing") to each Potential Bidder after the Court's entry of the Bid Procedures Order.

Any Potential Bidder wishing to conduct due diligence concerning the Properties, the Assumed Agreements, and the Assumed Liabilities shall be granted access, subject to execution of a Confidentiality Agreement, to all relevant business and financial and other information of the Debtors necessary to enable such Potential Bidder to evaluate the Properties, Assumed Agreements, and Assumed Liabilities. The Debtors shall make such access available during normal business hours as soon as reasonably practicable. Potential Bidders interested in conducting due diligence should contact Andy Rogers at Jefferies & Company, Inc., 333 Clay Street, Suite 1000, Houston, Texas 77002, (o) 281.774.2035, (fax) 281.774.2050, andy.rogers@jefferies.com. Notwithstanding the foregoing, the Debtors are not required to provide confidential or proprietary information to any person if the Debtors reasonably believe that such disclosure would be detrimental to the interests and operations of the Debtors or any of the Debtors' affiliates.

---

[2] "Representatives" means, with respect to any person, the officers, directors, employees, members, managers, partners, investment bankers, attorneys, accountants, consultants or other advisors, agents or representatives of such person, when acting in such capacity on behalf of such person, provided that for purposes of "The Bidding Process" section of these Bid Procedures, the term Representatives when used in reference to any of the Debtors shall not include any officer or director of any Debtor other than the Chief Restructuring Officer of Crusader and directors of Crusader serving on the special committee of the Board of Directors (as defined below) referred to as the "CRO Committee"

2

Prior to the selection of a Bid as the highest or best offer (the "Successful Bid"), the Debtors may: (a) solicit and receive Bids from Potential Bidders, (b) engage in discussions with and request information from Potential Bidders, (c) evaluate any Bid made by a Potential Bidder, and (d) engage in discussions and negotiations with any Potential Bidder with respect to any Bid submitted by a Potential Bidder (collectively, the "Bidding Process"). Prior to the selection of the Successful Bid, the Debtors shall have the right to adopt such other rules for the Bidding Process which the Debtors believe in their business judgment will promote the goals of the Bidding Process.

**Deliveries by Potential Bidders**

In order to participate in the Bidding Process, each Potential Bidder (but not the Potential Buyer) must deliver (unless previously delivered in a form acceptable to the Debtors as provided herein or waived by the Debtors in their sole and absolute discretion) to the Debtors prior to _____, 2009 at _:00 _.m. (prevailing Central Time) (the "Bid Deadline"):

(a) An executed Confidentiality Agreement acceptable to the Debtors; and

(b) Financial statements of, or other information relating to, the Potential Bidder or, if the Potential Bidder is an entity formed for the purpose of acquiring the Properties, financial statements of or other information relating to the equity holder(s) of the Potential Bidder, or such other form of financial disclosure or evidence of financial capability and performance and legal authority acceptable to the Debtors and their advisors as requested by the Debtors (and, if requested by the Debtors, certified to by a duly authorized representative of the Potential Bidder (or equity holders thereof, as applicable) demonstrating such Potential Bidder's (individually or jointly with other Potential Bidders with whom such Potential Bidder is acting jointly, with the consent of the Debtors and without improper collusion under Bankruptcy Code § 363, in submitting a Bid) financial capability and legal authority to close the proposed transaction in a timely manner and ability to provide adequate assurance of future performance with respect to the Assumed Agreements.

A Potential Bidder (or group of Potential Bidders, acting jointly with the consent of the Debtors and without improper collusion under the Bankruptcy Code) that delivers the documents described in subparagraphs (a) and (b) above, and that the Debtors determine, in their business judgment, is financially capable of consummating the purchase of the Properties and the assumption of the Assumed Agreements and Assumed Liabilities in a timely manner shall be permitted to further participate in the Bidding Process.

**Due Diligence for Potential Bidders**

To obtain due diligence access or additional information from the Debtors, a Potential Bidder must first advise the Debtors in writing of the nature and extent of additional due diligence such Potential Bidder may wish to conduct. The Debtors will designate an employee or other representative (which may be the Debtors' financial advisor) to coordinate all reasonable requests for additional information and due diligence access from such Potential Bidders. No

3

conditions relating to the completion of due diligence will be permitted to exist after the Bid Deadline. None of the Debtors, their affiliates or any of their respective Representatives are obligated to furnish any information relating to the Properties, Assumed Agreements or Assumed Liabilities to any person other than a Potential Bidder.

## Submission by Bid Deadline

A Potential Bidder who desires to make a Bid must deliver a written copy of its Bid on or before the Bid Deadline to counsel for the Debtors at Vinson & Elkins LLP, Attn: William L. Wallander, Trammell Crow Center, 2001 Ross Avenue, Suite 3700, Dallas, Texas,75201, (fax) 214.999.7905, bwallander@velaw.com and to the investment bankers for the Debtors at Jefferies & Company, Inc., Attn: Andy Rogers, 333 Clay Street, Suite 1000, Houston, Texas 77002, (fax) 281.774.2050, andy.rogers@jefferies.com. The Debtors may, with the consent of the Potential Buyer and Official Committee of Unsecured Creditors (which shall not be unreasonably withheld), extend the Bid Deadline, but shall promptly notify all Potential Bidders of any such extension.

## Determination of "Qualified Bid" Status

A Bid received from a Potential Bidder will constitute a "Qualified Bid" only if it includes all of the following documents (the compliance of which shall be determined by the Debtors in their sole and absolute discretion) and a good faith deposit as described below (collectively, the "Required Bid Documents") and meets all of the Bid Requirements (as defined below):[3]

(a) A written acquisition agreement duly executed by the Potential Bidder, together with a copy of such agreement marked to show the specific changes to the Purchase Agreement that the Potential Bidder requires (which marked copy may be an electronic comparison of the written acquisition agreement submitted and the Purchase Agreement). The acquisition agreement submitted by a Potential Bidder:

(i) shall include a complete set of all disclosure schedules and exhibits thereto, if any;

(ii) shall not contain any financing or due diligence contingencies to closing on the proposed transaction;

(iii) shall not contain any condition to closing of the transaction on the receipt of any third party approvals (excluding required Bankruptcy Court approval); and

(iv) except as otherwise set forth herein with respect to the Potential Buyer or as otherwise agreed by the Debtors in writing, shall provide that the offer of the Potential Bidder is irrevocable through at least 6:00 p.m. (prevailing

---

[3] Each Potential Bidder that makes a Qualified Bid shall be referred to as a "Qualified Bidder." The Potential Buyer shall be deemed to be a Qualified Bidder and the Purchase Agreement shall be deemed to be a Qualified Bid.

Central Time) on Wednesday, November 18, 2009 provided that the Sale Hearing is concluded by 6:00 p.m. (prevailing Central Time) on Friday, November 13, 2009.

(b) A good faith deposit (the "Good Faith Deposit") in the form of a certified or bank check (or other form acceptable to the Debtors in their sole and absolute discretion) payable to the order of the Debtors (or such other party as the Debtors may designate) in the amount of $500,000.

**Bid Requirements**

All Bids (other than the Bid of the Potential Buyer) must also satisfy all of the following requirements, all solely as determined by the Debtors (collectively, the "Bid Requirements"):

(a) The Bid must provide (i) for cash consideration of at least $525,000, (ii) for the assumption by the Potential Bidder of the Assumed Agreements and the Assumed Liabilities, and (iii) that the transfer of the Properties is subject to the Vendors' Lien to the extent such Vendors' Lien is validly existing and enforceable under Texas law.

(b) The Bid must be accompanied by satisfactory evidence of committed financing or other financial ability to consummate the purchase of the Properties and the assumption of the Assumed Agreements and Assumed Liabilities in a timely manner (including adequate assurance of future performance with respect to the Assumed Agreements).[4]

(c) The Bid shall not be conditioned upon the Bankruptcy Court's approval of any bid protections, such as a break-up fee, termination fee, expense reimbursement or similar type of payment.

(d) The Bid must acknowledge and represent that the Potential Bidder: (i) has had an opportunity to conduct any and all due diligence regarding the Properties, Assumed Agreements, Assumed Liabilities, and Vendors' Lien prior to making its Bid, (ii) has relied solely upon its own independent review, investigation and/or inspection of any documents and the Properties of the Debtors in making its Bid, and (iii) did not rely upon any written or oral statements, representations, promises, warranties or guaranties whatsoever, whether express, implied, by operation of law or otherwise, regarding the Properties, Assumed Agreements, Assumed Liabilities, or Vendors' Lien, or the completeness of any information provided in connection therewith, except as expressly stated in these Bid Procedures and in the representations and warranties contained in the form of acquisition agreement submitted as part of the Qualified Bid (as it may be

---

[4] Within a reasonable time of receipt, but not later than the close of business on the next business day after receipt thereof, and subject to any confidentiality requirements, the Debtors (or, upon request of the Debtors, the applicable Potential Bidder) shall provide the Potential Buyer with copies of the documentary evidence provided by Potential Bidders demonstrating such Potential Bidder's ability to provide adequate assurance of future performance with respect to the Assumed Agreements.

5

modified prior to acceptance and execution by the Debtors).

(e) The Bid must be received by the Bid Deadline.

**Auction**

Prior to the Auction (as defined below), the Debtors shall evaluate the Qualified Bids and select the Qualified Bid that the Debtors determine in their business judgment to be the highest or best Qualified Bid(s) (the "Initial Highest Bid"). In making its determination, the Debtors may consider, among other things, the amount of cash and other consideration to be paid or delivered, and the liabilities to be assumed or otherwise satisfied.

If no Qualified Bid (other than that of the Potential Buyer) is received by the Bid Deadline, the Debtors will deem the Potential Buyer's Qualified Bid the Successful Bid, and the Debtors will proceed to consummate the Proposed Transaction upon approval by the Bankruptcy Court. If one or more Qualified Bids (other than the Qualified Bid of the Potential Buyer) are received by the Bid Deadline, the Debtors will conduct an auction (the "Auction") with respect to such Qualified Bids in order to determine, in the business judgment of the Debtors, the Successful Bid.

The Auction, if required, will commence at _:__ _.m. (prevailing Central Time) on _____, 2009, at the offices of Vinson & Elkins LLP, 2001 Ross Avenue, Suite 3700, Dallas, Texas 75201 or at such later time or other place as determined by the Debtors or approved by Order of the Bankruptcy Court, and of which the Debtors will notify all Qualified Bidders who have submitted Qualified Bids (collectively, together with the Potential Buyer, the "Auction Participants").

Only the Debtors, the Auction Participants, their respective professionals, and a reasonable number of representatives of the Debtors' first lien lenders, the Debtors' second lien lenders, the Official Committee of Unsecured Creditors, and the Office of the United States Trustee will be entitled to attend, participate and be heard at the Auction, but only the Auction Participants (including the Potential Buyer) will be entitled to make any subsequent Qualified Bids at the Auction.

At the commencement of the Auction, the Debtors shall formally announce the Initial Highest Bid. All Qualified Bids at the Auction will be based on and increased therefrom, and thereafter made in minimum increments of at least $50,000 higher than the previous Qualified Bid or in such other increments as the Debtors may determine. The Debtors shall have the right to adopt such other rules for the Auction which they believe in their business judgment will promote the goals of the Auction.

Except as otherwise set forth herein with respect to the Potential Buyer or unless otherwise agreed to by the Debtors in writing, by making a Qualified Bid at the Auction, an Auction Participant shall be deemed to have agreed to keep its final Qualified Bid made at the Auction open through at least 6:00 p.m. (prevailing Central Time) on Wednesday, November 18, 2009 provided that the Sale Hearing is concluded by 6:00 p.m. (prevailing Central Time) on Friday, November 13, 2009. Bidding at the Auction will continue until such time as the highest or otherwise best Qualified Bid is determined in the business judgment of the Debtors. To

facilitate a deliberate and orderly consideration of competing Qualified Bids submitted at the Auction, the Debtors may conduct multiple rounds of bidding and, with the consent of the Potential Buyer and Official Committee of Unsecured Creditors (which shall not be unreasonably withheld), may adjourn the Auction at any time and from time-to-time. Upon conclusion of the Auction, the Debtors will (a) review each Qualified Bid on the basis of financial and contractual terms and other factors relevant to the sale process, including those factors affecting the speed and certainty of consummating the sale (and the assumption of the Assumed Agreements and Assumed Liabilities with respect to Qualified Bids submitted by parties other than the Potential Buyer) and (b) identify the Successful Bid. In making their determination, the Debtors may consider, among other things, the amount of cash or other consideration to be paid or delivered and the liabilities to be assumed or otherwise satisfied.

Notwithstanding anything to the contrary set forth herein, if the Potential Buyer is not selected by the Debtors as the person making the Successful Bid, then, at any time thereafter, the Potential Buyer may withdraw its Bid upon written notice to Debtors. In addition, in such case, the Potential Buyer shall retain its right to require the Successful Bidder to provide adequate assurance of future performance of the obligations pursuant to the Assumed Agreements.

## Objections

Objections, if any, to the consummation of the sale of the Properties and the assumption and assignment of the Assumed Agreements and Assumed Liabilities (including objections to any Cure Amounts (as defined in the Sale Motion) or with respect to adequate assurance of future performance) shall be filed and served such that each objection is actually received by the following parties by _____, 2009 at _:00 _.m. (prevailing Central Time) (the "Objection Deadline"):[5] (a) counsel for the Debtors at Vinson & Elkins LLP, Attn: William L. Wallander, Trammell Crow Center, 2001 Ross Avenue, Suite 3700, Dallas, Texas 75201, (fax) 214.999.7905, bwallander@velaw.com; (b) counsel for the Potential Buyer at Forshey & Prostok, L.L.P., Attn: J. Robert Forshey, 777 Main Street, Suite 1290, Fort Worth, Texas 76102, (fax) 817.877.4151; bforshey@forsheyprostok.com; (c) counsel for the Debtors' first lien lenders at Bracewell & Giuliani LLP, Attn: Samuel M. Stricklin, 1445 Ross Avenue, Suite 3800, Dallas, Texas 75202, sam.stricklin@bgllp.com, (fax) 214.758.8395; (d) counsel for the Debtors' second lien lenders at Thompson & Knight LLP, Attn: David M. Bennett, 1700 Pacific Avenue, Suite 3300, Dallas, Texas, 75202; david.bennett@tklaw.com, (fax) 214.969.1799; (e) counsel for the Official Committee of Unsecured Creditors at Gardere Wynne Sewell LLP, Attn: Richard M. Roberson, 1601 Elm Street, Suite 3000, Dallas, Texas 75201, rroberson@gardere.com, (fax) 214.999.3955; and (f) the United States Trustee's Office at Office of the United States Trustee, Attn: George McElreath, 1100 Commerce Street, Room 9-C-60, Dallas, Texas 75242, George.F.McElreath@usdoj.gov, (fax) 214.767.6530.

## Sale Hearing

The Sale Hearing to consider approval of the Successful Bid will be held before the Honorable Barbara J. Houser, Chief United States Bankruptcy Judge, on, November __, 2009 at

---

[5] In the event the Potential Buyer is not the Successful Bidder, the Objection Deadline applicable to the Potential Buyer with respect to any objections to the assumption and assignment of the Purchase Contracts shall be extended until three (3) days prior to the Sale Hearing.

7

__:__ __.m. (prevailing Central Time) or such other date as the Court's docket may accommodate. The Debtors may also, with the consent of the Potential Buyer and the Official Committee of Unsecured Creditors (which shall not be unreasonably withheld), adjourn or reschedule the Sale Hearing without further notice to creditors and parties in interest other than by announcement by Debtors of the adjourned date at the Sale Hearing. In the event the Potential Buyer is determined to be the Successful Bidder, then the Potential Buyer will be deemed to have agreed to keep its bid open until at least 6:00 p.m. (prevailing Central Time) on Friday, November 13, 2009.

The Debtors presentation to the Bankruptcy Court for approval of a Successful Bid does not constitute the Debtors' acceptance of the Bid. The Debtors will be deemed to have accepted a Bid only when the Bid has been approved by Order of the Bankruptcy Court (the "Sale Order").

**Back-Up Bidders**

If the Auction Participant whose Qualified Bid is the Successful Bid (the "Successful Bidder") fails to consummate the transaction contemplated by its Purchase Agreement or other applicable acquisition agreement, as applicable, because of a breach or failure to perform on the part of such Successful Bidder, the Auction Participant that had submitted the next highest or otherwise best Qualified Bid at the Auction will be deemed to be the Successful Bidder and the Debtors will be authorized to consummate the sale of the Properties with such Auction Participant without further order of the Bankruptcy Court and such Qualified Bid shall thereupon be deemed the Successful Bid, provided that upon being notified that its Qualified Bid has become the Successful Bid, the Auction Participant submitting such Qualified Bid shall within three business days after such notification provide a Good Faith Deposit (unless such Auction Participant previously shall have provided a Good Faith Deposit that shall not have been returned as described below) and, upon providing such Good Faith Deposit such Auction Participant shall be deemed the Successful Bidder. If any Auction Participant fails to consummate the transaction contemplated by its Purchase Agreement or other applicable acquisition agreement, as applicable, because of a breach or failure to perform on the part of such Auction Participant (including without limitation the failure to timely deposit the Good Faith Deposit), the process described above may continue as determined by Debtors until an Auction Participant shall consummate the transaction contemplated by the Purchase Agreement or other applicable acquisition agreement, as applicable**.**

**Return of Good Faith Deposit**

The Good Faith Deposit of all Qualified Bidders (other than the Potential Buyer) will be returned, without interest, to each such Qualified Bidder within six (6) business days after the entry of an Order approving the Successful Bid or as otherwise agreed in writing by the Debtors and the applicable Qualified Bidder.

The Good Faith Deposit of the Successful Bidder (other than the Potential Buyer) will be distributed pursuant to and in accordance with the applicable acquisition agreement.

US 85251v.6

**Modifications**

The Debtors, in their sole and absolute discretion, may determine (a) which Qualified Bid, if any, is the highest or otherwise best offer; and (b) reject at any time before entry of an Order of the Bankruptcy Court approving a Qualified Bid, any Bid that, in the Debtors' sole and absolute discretion, is (i) inadequate or insufficient, (ii) not in conformity with the requirements of the Bankruptcy Code or the Bid Procedures, or (iii) contrary to the best interests of the Debtors, their estates and their creditors.  At or before the Sale Hearing, the Debtors may impose such other terms and conditions upon Qualified Bidders (other than the Potential Buyer) as they determine to be in the best interests of the Debtors' estates in these cases.