William L. Wallander, SBT #20780750
Richard H. London, SBT #24032678
Beth Lloyd, SBT #24060179
**VINSON & ELKINS LLP**
Trammell Crow Center
2001 Ross Avenue, Suite 3700
Dallas, Texas 75201-2975
Tel:  214.220.7700
Fax: 214.220.7716
bwallander@velaw.com; rlondon@velaw.com
blloyd@velaw.com

**COUNSEL FOR THE DEBTORS**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: § | | Case No. 09-31797-bjh-11 |
| § | | |
| **CRUSADER ENERGY GROUP INC.,** *et al.* § § § | | Chapter 11 |
| § | | |
| DEBTORS. § | | (Jointly Administered) |

**MOTION FOR AN ORDER AUTHORIZING (A) THE SALE OF CERTAIN OIL AND GAS LEASES OF THE DEBTORS FREE AND CLEAR OF CLAIMS, ENCUMBRANCES, LIENS, AND INTERESTS, (B) THE ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES, IF NECESSARY, AND (C) GRANTING RELATED RELIEF**

**TO THE HONORABLE BARBARA J. HOUSER, CHIEF UNITED STATES BANKRUPTCY JUDGE:**

The above-referenced debtors and debtors in possession (collectively, the "Debtors")[1] file this *Motion for an Order Authorizing (A) the Sale of Certain Oil and Gas Leases of the Debtors Free and Clear of Claims, Encumbrances, Liens, and Interests, (B) the Assumption and Assignment of Executory Contracts and Unexpired Leases, if Necessary, and (C) Granting Related Relief* (the "Motion"), and in support thereof, the Debtors respectfully state as follows:

---

[1] The Debtors include Crusader Energy Group Inc., Crusader Energy Group, LLC, Hawk Energy Fund I, LLC, Knight Energy Group, LLC, Knight Energy Group II, LLC, Knight Energy Management, LLC, RCH Upland Acquisition, LLC and Crusader Management Corporation.

**JURISDICTION AND PROCEDURAL BACKGROUND**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157. This Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. On March 30, 2009 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), thereby commencing the above-captioned bankruptcy cases (the "Cases"). These Cases have been consolidated for procedural joint administration only pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure.

4. Since the Petition Date, the Debtors have continued to operate and manage their businesses as debtors in possession pursuant to Bankruptcy Code §§ 1107(a) and 1108.

5. On April 14, 2009, the United States Trustee appointed the Official Committee of Unsecured Creditors (the "Committee").

**STATEMENT OF FACTS**

**Case Background**

6. Crusader Energy Group Inc. ("Crusader") and its seven direct subsidiaries (each of which is a Debtor) operate in the oil and gas industry. The Debtors' core operations consist of exploration for, and acquisition, production, and sale of, crude oil and natural gas. The Debtors hold leases covering approximately 1,000,000 gross acres (440,000 net acres) of oil and gas property (including approximately 12,800 drilling locations), operate approximately 350 wells, and hold working interests in approximately 670 wells. Their assets are located in various portions of Texas, Oklahoma, Colorado, Kansas, Louisiana, Mississippi, Montana, and North Dakota, specifically including the Anadarko Basin, Ft. Worth Basin, Permian Basin, and

Williston Basin. The Debtors focus on the development of unconventional resource opportunities, such as the application of horizontal drilling and completion technology.[2] This focus has contributed to the Debtors' over 90% success rate with respect to their calendar year 2008 drilling program. The Debtors are lessees under oil and gas leases and are parties to certain operating agreements, farmout agreements, joint venture agreements, gas marketing agreements, gas transportation agreements, and other agreements.

**The July 15, 2008 Purchase and Sale Agreement and Related Operating Agreement with Gunn Oil Company, Cogent Exploration, Ltd. Co., and Apollo Exploration, LLC**

7. In July 2008, Crusader, as buyer, and Gunn Oil Company, Cogent Exploration, Ltd. Co., and Apollo Exploration, LLC, as sellers (collectively, the "Gunn Oil Group"), entered into that certain Purchase and Sale Agreement dated as of July 15, 2008 (the "July 2008 Agreement") pursuant to which Crusader acquired a 75% working interest in various oil and gas leases located in Oldham, Potter, Hartley, and Moore Counties, Texas and covering approximately 130,619 net acres (collectively and as more fully defined in the July 2008 Agreement, the "Properties").

8. In connection with the July 2008 Agreement and as consideration for the Properties, Crusader (i) paid the Gunn Oil Group $12 million on or about August 12, 2008 and (ii) agreed to pay an additional $10 million in August 2011, subject to certain credits, adjustments and other conditions as set forth in the July 2008 Agreement (the "Deferred Payment"). To date, Crusader owes the Gunn Oil Group approximately $9.7 million in connection with the Deferred Payment. The Gunn Oil Group asserts that the Deferred Payment is secured by an equitable vendors' lien under Texas law on the Properties (the "Vendors' Lien").

---

[2] Horizontal drilling and completion technology is an efficient means to develop shale and tight sand reservoirs.

9. On or about August 12, 2008, and in connection with the July 2008 Agreement, Crusader and the Gunn Oil Group also entered into that certain Operating Agreement dated August 12, 2008 (the "Operating Agreement"), pursuant to which Crusader agreed to act as operator of the Properties. To date, the Operating Agreement remains in full force and effect.

**The Proposed Transaction**

10. Beginning in March of 2009 and through their investment bankers, Jefferies & Company, Inc. ("Jefferies"), the Debtors have extensively explored various sale and reorganization alternatives, including the sale of assets or properties of the Debtors (including the Properties) and the issuance of equity of the Debtors. Jefferies contacted approximately 121 parties who it thought might be interested in engaging in a transaction with the Debtors. Among the parties contacted by Jefferies were other oil and gas companies, hedge funds, private equity funds and other investors. Fifty-three parties signed confidentiality agreements in order to obtain access to the diligence materials assembled by the Debtors. Jefferies continued discussions with prospective buyers through September of 2009. At the conclusion of such marketing process, the Debtors, in consultation with Jefferies, determined that the Proposed Transaction (as defined below) received from the Gunn Oil Group was the highest and best offer received for the Properties.

11. After extensive arm's-length negotiations with the Gun Oil Group, Crusader has agreed, subject to higher and better offers pursuant to an auction process, to sell the Properties[3] to the Gunn Oil Group (in their capacity as buyers, the "Potential Buyer") free and clear of all claims, encumbrances, liens, and interests (except as otherwise set forth in the applicable

---

[3] The Properties consist of Crusader's entire interest (a 75% working interest) in the oil and gas leases acquired by Crusader pursuant to the July 2008 Agreement.

**MOTION FOR AN ORDER AUTHORIZING (A) THE SALE OF CERTAIN OIL
AND GAS LEASES OF THE DEBTORS FREE AND CLEAR OF CLAIMS,
ENCUMBRANCES, LIENS, AND INTERESTS, (B) THE ASSUMPTION
AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED
LEASES, IF NECESSARY, AND (C) GRANTING RELATED RELIEF**     Page 4 of 15
US 88147v.3

acquisition agreement), with any holder's claims, encumbrances, liens, and interests attaching to the proceeds of the sale with the same nature, validity and priority that such interest encumbered the Properties prior to the proposed sale. In consideration for the sale of the Properties to the Potential Buyer (the "Proposed Transaction"), the Potential Buyer has agreed to (i) pay Crusader $400,000 in cash, (ii) terminate the July 2008 Agreement and Operating Agreement (collectively, the "Assumed Agreements"), and (iii) enter into mutual releases with the Debtors (including a full release of the Deferred Payment).[4]

12. The pertinent terms of the Proposed Transaction are provided in the table below for summary and notice purposes only.

| | |
|---|---|
| **Selling Debtor** | Crusader Energy Corporation |
| **Potential Purchasers** | Gunn Oil Company, Cogent Exploration, Ltd. Co., and Apollo Exploration, LLC |
| **Cash Consideration**: | $400,000 |
| **Termination of the 2008 Purchase Agreement and the Operating Agreement** | Upon consummation of the Proposed Transaction, the 2008 Purchase Agreement and Operating Agreement shall be terminated. |
| **Mutual Releases** | The Potential Buyers and the Debtors will mutually release each other of any and all claims and causes of action, including the Debtors' obligation for the Deferred Payment of approximately $9.7 million. |

13. Contemporaneously with filing this Motion, the Debtors also filed their *Motion to (A) Approve Bid Procedures in Connection with the Proposed Sale of Certain Oil and Gas Leases of the Debtors; (b) Approve the Form and Manner of Notice; and (c) Grant Related*

---

[4] A copy of the acquisition agreement to be entered into in connection with the Proposed Transaction, which must be reasonably acceptable in form and substance to the Debtors and the Potential Buyer, will be filed with the Court prior to the hearing on this Motion.

**MOTION FOR AN ORDER AUTHORIZING (A) THE SALE OF CERTAIN OIL
AND GAS LEASES OF THE DEBTORS FREE AND CLEAR OF CLAIMS,
ENCUMBRANCES, LIENS, AND INTERESTS, (B) THE ASSUMPTION
AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED
LEASES, IF NECESSARY, AND (C) GRANTING RELATED RELIEF** Page 5 of 15
US 88147v.3

*Relief* (the "Bid Procedures Motion") by which it seeks authority to implement, among other things, certain sale, auction, and notice procedures in connection with the Proposed Transaction (the "Bid Procedures").

14.  In consultation with its financial advisors, the Debtors have determined that the Properties are not necessary for the reorganization of the Debtors' estates and that it is in the best interests of the Debtors' estates to sell the Properties at this time.  The Debtors believe that the Proposed Transaction, subject to a market test through the auction process more fully described in the Bid Procedures Motion, will serve to maximize the value received by the Debtors for the Properties.  Therefore, the Debtors, in the exercise of their business judgment, are requesting the Court's approval of the Proposed Transaction with the Potential Buyer or such other Qualified Bidder (as defined in the Bid Procedures Motion) submitting a higher and better offer for the Properties pursuant to the Bid Procedures (the "Successful Bidder").

## RELIEF REQUESTED

### Introduction

15.  Pursuant to Bankruptcy Code §§ 105(a), 363, and 365 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 2002, 6004, 6006, 9014, and 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Debtors seek entry of an order authorizing the sale of the Properties to the Successful Bidder selected by the Debtors in accordance with Bid Procedures as follows:

(a)  In the event the Potential Buyer is the Successful Bidder, then the Properties shall be sold to the Potential Buyer free and clear of all claims, encumbrances, liens and interests (except as otherwise set forth in the applicable acquisition agreement), with all such claims, encumbrances, liens and interests attaching to the proceeds of sale, with the same nature,

validity and priority as they encumbered the Properties prior to the proposed sale, such sale of the Properties to the Potential Buyer based upon the terms of Proposed Transaction (as described above); and

(b) In the event the Successful Bidder is someone other than the Potential Buyer, then the Properties shall be sold free and clear of all claims, encumbrances, liens and interests (except as otherwise set forth in the applicable acquisition agreement), with all such claims, liens, encumbrances and interests attaching to the proceeds of such sale with the same nature, validity and priority as they encumbered the Properties prior to the sale, except that the Properties shall be sold and transferred subject to and encumbered by the following: (i) the Assumed Agreements (the obligations pursuant to the Assumed Agreement, including the Deferred Payment, are collectively referred to as the "Assumed Liabilities"), with the Assumed Liabilities to be assumed by the Successful Bidder,[5] and (ii) the Vendor's Lien to the extent validly existing and enforceable under Texas law.

**Sale of Assets Free and Clear of Interests**

16. Pursuant to Bankruptcy Code § 105(a), a bankruptcy court "may issue any order, process or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." *See* 11 U.S.C. § 105(a). Bankruptcy Code § 363(b)(1) provides, "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1).

17. The proposed use, sale or lease of property of the estate may be approved under Bankruptcy Code § 363(b) if it is supported by sound business justification. *See e.g.*

---

[5] If the Potential Buyer is not the Successful Bidder, it retains the right to require the Successful Bidder to provide adequate assurance of future performance.

**MOTION FOR AN ORDER AUTHORIZING (A) THE SALE OF CERTAIN OIL AND GAS LEASES OF THE DEBTORS FREE AND CLEAR OF CLAIMS, ENCUMBRANCES, LIENS, AND INTERESTS, (B) THE ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES, IF NECESSARY, AND (C) GRANTING RELATED RELIEF** Page 7 of 15
US 88147v.3

*Institutional Creditors of Continental Air Lines, Inc. v. Continental Air Lines, Inc. (In re Continental Air Lines)*, 780 F.2d 1223, 1226 (5th Cir. 1986) ("[F]or a debtor-in-possession or trustee to satisfy its fiduciary duty to the debtor, creditors and equity holders, there must be some articulated business justification for using, selling, or leasing the property outside the ordinary course of business."); *see also In re Crutcher Resources Corp.*, 72 B.R. 628, 631 (Bankr. N.D.Tex. 1987) ("A Bankruptcy Judge has considerable discretion in approving a § 363(b) sale of property of the estate other than in the ordinary course of business, but the movant must articulate some business justification for the sale."); *In re Terrace Gardens Park Partnership*, 96 B.R. 707, 714 (Bankr.W.D.Tex.1989). In reviewing a proposed sale of assets, a bankruptcy court should give deference to the business judgment of a debtor in possession when it deems the sale to be appropriate. *See Esposito v. Title Ins. Co. (In re Fernwood Mkts.)*, 73 B.R. 616, 621 n.2 (Bankr. E.D.Pa. 1987).

18. The Debtors have determined in the sound exercise of their business judgment that the sale of the Properties is in the best interest of their estates and creditors. After evaluating various alternatives, the Debtors have concluded that the sale of the Properties will maximize the value of their estates and will be in the best interests of their creditors as the proposed sale will provide cash to the Debtors' bankruptcy estates and satisfy the Debtors' obligations with respect to the Assumed Agreements and Assumed Liabilities through either their cancellation and release or, in the event the Potential Buyer is not the Successful Bidder, their assumption by such Successful Bidder. The Debtors believe that the Potential Buyer's proposed purchase price is reasonable and satisfactory per the terms of the Proposed Transaction. Further, Debtors anticipate that the Auction (as defined in the Bid Procedures Motion) will result in a sale that represents fair market value.

19. Pursuant to Bankruptcy Code § 363(f), a debtor may sell property free and clear of all liens, claims and encumbrances if (i) applicable nonbankruptcy law permits the sale of such property free and clear of such interest; (ii) the lienholder or claimholder consents; (iii) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property; (iv) such interest is a bona fide dispute; or (v) the lienholder could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest. *See* 11 U.S.C. § 363(f). These five conditions are written in the disjunctive, permitting the sale of estate assets upon the satisfaction of any one of the five conditions, including consent of the lienholders. *See Pelican Homestead v. Wooten (In re Gabel)* 61 B.R. 661, 667 (Bankr. W.D.La. 1985) (stating that a trustee may sell property of the estate for purposes other than in the ordinary course of business free and clear of all existing liens and encumbrances provided that any one of the conditions of § 363(f) are met); *In re Taxi Holders, Inc.*, 307 B.R. 525, 528-29 (Bankr. E.D.Va. 2004).

20. The Debtors will demonstrate at the hearing on this Motion that at least one of the five conditions of Bankruptcy Code § 363(f) is satisfied with respect to any other interest asserted by any other party. Having exercised sound business judgment in determining to sell the Properties, the sale of the Properties to the Successful Bidder, free and clear of all claims, encumbrances, liens, and interests (except as otherwise set forth in the applicable acquisition agreement and, in the event the Potential Buyer is not the Successful Bidder, the Assumed Liabilities and the Vendors' Lien to the extent validly existing and enforceable under Texas law), with any holder's lien, claim, interest or encumbrance attaching to the proceeds of the sale with the same nature, validity and priority that such interest encumbered the Properties prior to the proposed sale, should be approved.

## Good Faith Sale

21. Bankruptcy Code § 363(m) states, in relevant part:

The reversal or modification on appeal of an authorization under subsection (b) or (c) of this section of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal.

11 U.S.C. § 363(m).

22. The Proposed Transaction is the result of an arm's length, good faith negotiation between Debtors and Potential Buyer. Debtors and Potential Buyer have been advised by legal counsel and have negotiated and agreed upon the terms of the Proposed Transaction. Debtors believe Potential Buyer is a "good faith" purchaser within the meaning of Bankruptcy Code § 363(m). Further, in the event the Potential Buyer in not the Successful Bidder following the Auction, the Debtors intent to demonstrate at the hearing on this Motion that such proposed acquisition document was entered into in good faith. Accordingly, Debtors request findings and protections pursuant to Bankruptcy Code § 363(m).

## Assumption and Assignment of Executory Contracts and Unexpired Leases

23. In the event the Potential Buyer is not the Successful Bidder at the Auction, the Assumed Agreements will need to be assumed by Crusader and assigned to such Successful Bidder in connection with its Successful Bid.

24. Accordingly, pursuant to Bankruptcy Code § 365 and in the event the Potential Buyer is not the Successful Bidder, the Debtors request authority to assume the Assumed Agreements and to assign such agreements to the Successful Bidder, subject to, and at the time of, the closing of the applicable transaction with the Successful Bidder.

25. Bankruptcy Code § 365(f)(2) provides:

The trustee may assign an executory contract or unexpired lease of the debtor only if—

(A) the trustee assumes such contract or lease in accordance with the provisions of this section; and

(B) adequate assurance of future performance by the assignee of such contract or lease is provided, whether or not there has been a default in such contract or lease.

11 U.S.C. § 365(f)(2).

26. Bankruptcy Code § 365(a) authorizes a trustee to "assume or reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a). Although Bankruptcy Code § 365 does not set forth standards for courts to apply in determining whether to approve a debtor's decision to assume an executory contract or unexpired lease, it is well-established that the decision to assume or reject an executory contract or unexpired lease is a matter within the "business judgment" of the debtor. *See In re Taylor*, 913 F.2d 102, 107 (3rd Cir. 1990); *Sharon Steel Corn. v. Nat'l Fuel Gas Distrib. Corn.*, 872 F.2d 36, 39 (3rd Cir. 1989). Accordingly, assumption or rejection of any executory contract is appropriate where the assumption or rejection would benefit the estate. *Sharon Steel*, 872 F.2d at 40; *see also In re FCX, Inc.*, 60 B.R. 405, 411 (Bankr. E.D.N.Y. 1986).

27. Pursuant to Bankruptcy Code § 365(b)(1), a debtor must cure, or provide adequate assurance that it will promptly cure, certain defaults prior to the assumption and/or assignment of executory contracts or unexpired leases. 11 U.S.C. § 365(b)(1). Bankruptcy Code § 365(b)(1) provides, in relevant part:

(b)(1) If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee—

(A) cures, or provides adequate assurance that the trustee will promptly cure, such default. . . ;
(B) compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and
(C) provides adequate assurance of future performance under such contract or lease.

11 U.S.C. § 365(b)(1).

28. The Debtors assert that, as of the date hereof, no defaults exist under the Assumed Agreements and, therefore, no defaults will need to be cured or payments made (the "Cure Amounts") pursuant to Bankruptcy Code § 365(b)(1)(A) or (B) in order for the Assumed Agreements to be assumed and assigned.

29. In the event any Assumed Contracts are to be assumed and assigned to a Successful Bidder, such Successful Bidder will be responsible for providing evidence of "adequate assurance of future performance" to the extent required in connection with the assumption and assignment of any such contract. The meaning of "adequate assurance of future performance" for the purpose of the assumption of executory contracts and unexpired leases pursuant to Bankruptcy Code § 365 depends on the facts and circumstances of each case, but should be given "practical, pragmatic construction." *See Carlisle Homes, Inc. v. Arrar (In re Carlisle Homes, Inc.),* 103 B.R. 524, 538 (Bankr. D.N.J. 1989); *see also In re Natco Indus., Inc.,* 54 B.R. 436, 440 (Bankr. S.D.N.Y. 1985) (adequate assurance of future performance does not mean an absolute assurance that the debtor will thrive or pay rent); *In re Bon Ton Rest. & Pastry Shop, Inc.,* 53 B.R. 789, 803 (Bankr. N.D.Ill. 1985). If necessary, the Successful Bidder

will demonstrate that the Successful Bidder has the financial ability to perform under any Assumed Contracts at the hearing on this Motion.[6]

## Waiver of 10-Day Stay

30. Because the parties intend to close the sale of the Properties as soon as practicable after the entry of a final order approving this Motion, the Debtors request that the Court waive the 10-day stay provided in Bankruptcy Rules 6004(h) and 6006(d).

## PRAYER

WHEREFORE, the Debtors request that this Court enter an order authorizing (a) the sale of the Properties to the Successful Bidder selected by the Debtors in accordance with Bid Procedures, free and clear of all claims, encumbrances, liens, and interests as set forth herein, (b) the assumption and assignment of the Assumed Agreements in connection therewith, if necessary, and (c) in the event the Proposed Purchaser is the Successful Bidder, (i) the termination of the Assumed Agreements and (ii) the mutual releases by the Debtors, on the one hand, and the Proposed Purchaser, on the other hand.

---

[6] Nothing herein is intended to limit the right of the Potential Buyer to object to the assumption and assignment of the Assumed Agreements on the basis of a Successful Bidder's inability to demonstrate adequate assurance of future performance.

**MOTION FOR AN ORDER AUTHORIZING (A) THE SALE OF CERTAIN OIL AND GAS LEASES OF THE DEBTORS FREE AND CLEAR OF CLAIMS, ENCUMBRANCES, LIENS, AND INTERESTS, (B) THE ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES, IF NECESSARY, AND (C) GRANTING RELATED RELIEF** Page 13 of 15
US 88147v.3

Dated: September 25, 2009

                              Respectfully submitted,

                               */s/ William L. Wallander*
                              William L. Wallander, SBT #20780750
                              Richard H. London, SBT #24032678
                              Beth Lloyd, SBT #24060179
                              **VINSON & ELKINS LLP**
                              Trammell Crow Center
                              2001 Ross Avenue, Suite 3700
                              Dallas, Texas 75201-2975
                              Tel: 214.220.7700
                              Fax: 214.220.7716
                              bwallander@velaw.com; rlondon@velaw.com;
                              blloyd@velaw.com

                              **COUNSEL FOR THE DEBTORS**

**MOTION FOR AN ORDER AUTHORIZING (A) THE SALE OF CERTAIN OIL
AND GAS LEASES OF THE DEBTORS FREE AND CLEAR OF CLAIMS,
ENCUMBRANCES, LIENS, AND INTERESTS, (B) THE ASSUMPTION
AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED
LEASES, IF NECESSARY, AND (C) GRANTING RELATED RELIEF**     Page 14 of 15
US 88147v.3

**CERTIFICATE OF SERVICE**

      I certify that, on September 25, 2009, a copy of the foregoing document was served by the Electronic Case Filing system for the United States Bankruptcy Court for the Northern District of Texas.

                                                */s/William L. Wallander*
                                                        One of Counsel