U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**
TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described**.

Signed December 7, 2009                                     **United States Bankruptcy Judge**

---

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| IN RE: | § § | Case No. 09-31797-bjh |
| CRUSADER ENERGY GROUP INC., *et al.* | § § § | Chapter 11 |
| DEBTORS. | § § § | Jointly Administered |

**FINAL ORDER AUTHORIZING THE SUPPLEMENTAL EMPLOYMENT AND
RETENTION OF GRANT THORNTON LLP AS ACCOUNTANTS**

On November 24, 2009, the Court considered the *Supplemental Application to Employ and Retain Grant Thornton LLP as Accountants* [Docket No. 812] (the "Application").[1] Based on the *Supplemental Affidavit and Disclosure Statement of Rick McCune, on Behalf of Grant Thornton, LLP*, the Court finds that (i) Grant Thornton LLP ("Grant Thornton") represents no interest adverse to the Debtors or their estates that would disqualify them from employment pursuant to Bankruptcy Code § 1103; (ii) Grant Thornton is "disinterested" as that term is

---

[1] Capitalized terms not defined herein shall have the meanings given to them in the Application.

defined in Bankruptcy Code § 101(14); and (iii) the supplemental employment of Grant Thornton is necessary and in the best interest of the Debtors and their estates. Therefore, it is hereby

**ORDERED** that the Application is hereby **APPROVED** to the extent provided herein. It is further

**ORDERED** that the supplemental employment and retention of Grant Thornton on the terms set forth in the Engagement Letter are hereby **APPROVED** effective as of October 21, 2009. It is further

**ORDERED** that Grant Thornton shall be compensated in accordance with the procedures set forth in 11 U.S.C. §§ 330 and 331, any applicable Federal Rules of Bankruptcy Procedure, the Local Rules for the United States Bankruptcy Court for the Northern District of Texas, the Guidelines established by the U.S. Trustee, and any procedures as fixed by further order of this Court. It is further

**ORDERED** that nothing herein shall be deemed an assumption of the Engagement Letter or of any prior engagement letters with Grant Thornton. It is further

**ORDERED** that the indemnification and contribution provisions of the Engagement Letter as they are applied to the Debtors are approved subject to the following, during the pendency of the Debtors' bankruptcy proceedings:

    (a)    Grant Thornton shall be entitled to be indemnified in accordance with the Engagement Letter, for any claim, directly or indirectly, arising from, related to, or in connection with Grant Thornton's performance of the services described in the Engagement Letter, but not for other services, unless such other

services and the indemnification, contribution or reimbursement therefore are approved by the Court;

(b) The Debtors shall have no obligation to indemnify Grant Thornton or provide contribution or reimbursement to Grant Thornton, for any claim or expense that is either (i) judicially determined (the determination having become final) to have arisen from Grant Thornton's gross negligence, willful misconduct, or breach of fiduciary duty; or (ii) settled prior to a judicial determination as to Grant Thornton's gross negligence, willful misconduct, or breach of fiduciary duty, but determined by this Court, after notice and a hearing to be a claim or expense for which Grant Thornton should not receive indemnity, contribution or reimbursement under the terms of the Engagement Letter as modified by this Order; and

(c) If, before the earlier of (i) the entry of an order confirming a Chapter 11 plan in these cases (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing these Chapter 11 cases, Grant Thornton believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under the Engagement Letter (as modified by this Order), including without limitation the advancement of defense costs, Grant Thornton must file an application therefore in this Court, and the Debtors may not pay any such amounts to Grant Thornton before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time during which the Court shall have jurisdiction over any

request for compensation and expenses by Grant Thornton for indemnification, contribution or reimbursement and not a provision limiting the duration of the Debtors' obligation to indemnify Grant Thornton.  It is further

**ORDERED** that this Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

###END OF ORDER###