U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**
TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described**.

**Signed December 7, 2009**                                          **United States Bankruptcy Judge**

---

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| IN RE: § <br> § <br> CRUSADER ENERGY GROUP INC., *et al.* § <br> § <br> DEBTORS. § <br> § | Case No. 09-31797-bjh <br><br> Chapter 11 <br><br> Jointly Administered |

**FINAL ORDER AUTHORIZING THE CONTINUED EMPLOYMENT AND
RETENTION OF KPMG LLP AS ACCOUNTANTS AND AUDITORS**

On November 24, 2009, the Court considered the *Supplemental Application to Employ and Retain KPMG LLP as Accountants and Auditors* [Docket No. 806] (the "Application").[1] Based on the *Declaration in Support of the Supplemental Application to Employ and Retain KPMG LLP as Accountants and Auditors*, the Court finds that (i) KPMG LLP ("KPMG") represents no interest adverse to the Debtors or their estates that would disqualify them from employment pursuant to Bankruptcy Code § 1103; (ii) KPMG is "disinterested" as that term is

---

[1] Capitalized terms not defined herein shall have the meanings given to them in the Application.

defined in Bankruptcy Code § 101(14); and (iii) the continued employment of KPMG is necessary and in the best interest of the Debtors and their estates herein and for good and sufficient cause. Therefore, it is

**ORDERED** that the Application is hereby **APPROVED** to the extent provided herein. It is further

**ORDERED** that the continued employment and retention of KPMG on the terms set forth in the Supplemental Engagement Letter is hereby **APPROVED** effective as of October 21, 2009. It is further

**ORDERED** that KPMG shall be compensated in accordance with the procedures set forth in 11 U.S.C. §§ 330 and 331, any applicable Federal Rules of Bankruptcy Procedure, the Local Rules for the United States Bankruptcy Court for the Northern District of Texas, the Guidelines established by the U.S. Trustee, and any procedures as fixed by further order of this Court. It is further

**ORDERED** that the following terms apply during the pendency of the Debtors' Chapter 11 Cases:

> (a) KPMG shall not be entitled to indemnification, contribution or reimbursement for services other than those described in the Engagement Letters, the Supplemental Engagement Letter, and the Application, unless such services and indemnification therefor are approved by the Court;
>
> (b) The Debtors shall have no obligation to indemnify KPMG, or provide contribution or reimbursement to KPMG, for any claim or expense that is either: (i) judicially determined (the determination having become final) to have arisen from KPMG's bad faith, self-dealing, breach of fiduciary duty (if any such duty exists), gross negligence or willful misconduct; or (ii) judicially determined (the determination having become final), based on a breach of KPMG's contractual obligations to the Debtor; or (iii) settled prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii) immediately above, but determined by the Court, after notice and a hearing to be a claim or expense for which KPMG should not receive indemnity, contribution or reimbursement under the terms of

      KPMG's retention by the Debtors pursuant to the terms of the Engagement Letters, the Supplemental Engagement Letter, and the Application, as modified by this Order; and

(c) If, before the earlier of: (i) the entry of an order confirming a chapter 11 plan in this case (that order having become a final order no longer subject to appeal); and (ii) the entry of an order closing these chapter 11 cases, KPMG believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under the Engagement Letters, the Supplemental Engagement Letter (as modified by this Order), and the Application, including without limitation the advancement of defense costs, KPMG must file an application therefor in this Court, and the Debtors may not pay any such amounts to KPMG before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by KPMG for indemnification, contribution or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify KPMG. All parties in interest shall retain the right to object to any demand by KPMG for indemnification, contribution or reimbursement; and it is further

**ORDERED** that this Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

###END OF ORDER###